UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTY PENSION FUND, *et al.*,<br><br>　Plaintiffs,<br><br>　　v.<br><br>BERNADETTE ARTHAREE,<br><br>　Defendant. | Civil Action No. 12-1233 (CKK) |

**MEMORANDUM OPINION**
(April 18, 2013)

The Service Employees International Union National Industry Pension Fund ("the SEIU Pension Fund") and ten Trustees of the fund (collectively, "Plaintiffs"), filed suit against Bernadette Artharee, d/b/a Coast Janitorial Services and d/b/a Coast Industries, Inc., alleging the Defendant failed to submit remittance reports and contributions to the fund for the months of July 2010 and June 2011 through the filing of the complaint. The Plaintiffs further allege that the Defendant owes liquidated damages, interest, and Pension Protection Surcharges for late contributions for the months of August 2010 through May 2011. Presently before the Court is the Plaintiffs' [7] Motion for Partial Default Judgment. The Plaintiffs seek a default judgment for amounts owed in connection with the late contributions for August 2010 through May 2011, as well as attorney's fees. The Plaintiffs also ask the Court to order the Defendant to submit the delinquent remittance reports. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. The Plaintiffs failed to provide sufficient proof to establish they are entitled

to a default judgment for amounts purportedly owed to the SEIU Pension Fund in connection with the late contributions or as reasonable attorney's fees and litigation costs. However, the Court shall order the Defendant to submit outstanding remittance reports

## I. BACKGROUND

The Defendant is a party to collective bargaining agreement ("CBA") with the Service Employees International Union, Local No. 49. Compl., ECF No. [1], ¶¶ 8-9. The CBA requires the employers to make specific contributions to the SEIU Pension Fund, based on the number of compensable hours worked by the Defendant's employees. Compl., Ex. 1 (CBA), art. 22, § 4. When the fund is in "critical status" (as determined by certain actuarial standards), a "Pension Protection Surcharge" is added to all employer contributions. Compl., Ex. 4 (4/30/09 Notice of Critical Status) at 2. Employers are also required to submit monthly remittance reports reflecting the contributions owed to the fund. Compl., Ex. 1 (CBA), art. 22, § 4. If an employer like the Defendant fails to timely remit its monthly contributions, the employer is liable for 10% annual interest on the late contributions. Compl., Ex. 3 (SEIU Pension Fund Stmt. of Policy for Collection of Delinquent Contributions) §§ 2(4), 5(1). If the fund files suit to collect late payments, the employer is further liable for liquidated damages in the amount of 20% of the late contributions, costs, and reasonable attorney's fees. *Id.* § 5(2)-(4); *accord* 29 U.S.C. § 1132(g)(2).

The Plaintiffs filed suit alleging the Defendant failed to submit remittance reports or contributions for the months of July 2010 and June 2011 through the filing of the Complaint in July 2012. Compl. ¶ 22. The Plaintiffs also allege the Defendant owes the fund liquidated damages, interest, and Pension Protection Surcharges due to late contributions for the months of August 2010 through May 2011. *Id.* at 23. The Defendant was served with process but failed to

file a timely response to the Complaint. The Clerk of Court entered a default against the Defendant on September 21, 2012. The Plaintiff subsequently filed the present motion, seeking an award for the amounts purportedly due in connection with the late contributions, attorney's fees and costs for prosecuting this action, and an order compelling the Defendant to produce the missing remittance reports.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall*, 531 F. Supp. 2d at 57 (citation omitted). The Clerk of the Court entered a default as to the Defendant on September 12, 2012, therefore the factual allegations in the Complaint are taken as true. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, Inc., 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The Court finds that Plaintiff's Complaint sufficiently alleges facts to support their claims. The Plaintiff is thus entitled to default judgment as to Defendant's liability for her failure to pay certain charges in connection with late contributions, and for her failure to submit remittance

reports and contributions for July 2010 and June 2011 through the present.

## III. DISCUSSION

While the entry of default establishes the Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F. Supp. 2d 89, 94 (D.D.C. 2011). In this case, because the Defendant failed to submit remittance reports for July 2010 and June 2011 through the present, the specific amount of damages owed to the SEIU Pension Fund cannot be determined for those months. Pursuant to the CBA, the Defendant was obligated to submit the monthly reports indicating the contributions owed to the fund. Compl., Ex. 1 (CBA), art. 22, § 4. As of October 26, 2012, the Defendant had yet to submit the remittance reports for July 2010 and June 2011 through the present. Anderson Decl., ECF No. [7-7], ¶ 14 ("Defendant has failed to submit the required remittance reports tor July 2010 and June 2011 through the present. . . .  Without these remittance reports, the Fund is unable to calculate the amount owed by [Defendant] for July 2010 and June 2011 through the present."). The Court is satisfied that the Plaintiffs are entitled to the requested records. Therefore the Court shall order the Defendant to submit the reports to the fund and conduct an accounting for all past-due contributions.

With respect to the charges associated with the late contributions for August 2010 through May 2011, the Plaintiffs offer the declaration of Kenneth J. Anderson, Jr., an Assistant Contribution Compliance Manager for the SEIU Pension Fund. *See generally* Anderson Decl., ECF No. [7-7]. Mr. Anderson averred in relevant part that "[t]he Fund's records reflect that the Defendant owes $340.08 in liquidated damages, $12.27 in interest, and $10.32 in [Pension Protection] surcharges due from late contributions for the work months of August 2010 through

May 2011, totaling $363.03 as of October 26,2012." *Id.* at ¶13.  Mr. Anderson did not attach any supporting documentation to his declaration, and the Plaintiffs did not offer any other evidence to establish the amount of damages owed.  In the absence of any supporting documentation apart from Mr. Anderson's declaration, in its discretion, the Court declines to enter a default judgment for these amounts.  *See Perkinson v. Gilbert/Robinson, Inc.*, 821 F.2d 686, 691 (D.C. Cir. 1987).

The Plaintiffs also request $2,832.50 in attorney's fees and $442 for costs associated with attempting to collect the amounts owed by the Defendant.  The Plaintiffs are entitled to reasonable attorney's fees and costs for pursuing this action.  Compl., Ex. 3 § 5(3); 29 U.S.C. 1132(g)(2)(D).  To establish the amount of fees and costs owed by the Defendant, the Plaintiffs offer the declaration of Richard C. Welch, lead attorney for the Plaintiffs in this action.  *See generally* Welch Decl., ECF No. [7-8].  Mr. Welch explained that

> From December 2011 to November 2012, the following attorneys billed the following number of hours in this case:  Diana Bardes, associate attorney, billed 12.4 hours; Richard Welch, partner, billed 2.9 hours; and Quinlan O'Connor, law clerk, billed 0.8 hours.  Services included drafting and filing the complaint and exhibits and communicating with the Fund's office regarding the Defendant's delinquencies. Services also included preparing demand letters prior to commencing the lawsuit and assembling and reviewing exhibits to the complaint.

*Id.* at ¶ 4.  With respect to rates, Mr. Welch averred that

> Prior to June 22, 2012, in preparing demand letters to the Defendant and other pre-litigation activities, attorneys were billed at $150.00 per hour.  On and after June 22, 2012, in preparation of filing and filing the lawsuit, associate attorneys were billed at $195.00 per hour and lead attorneys and partners were billed at $220.00 per hour.  Law clerks were billed at $75.00 per hour.

*Id.* at ¶ 5.  Like Mr. Anderson, Mr. Welch failed to submit any supporting documentation. Without additional information as to the experience of each attorney at issue, as well as the work performed by each attorney for specific periods of time, the Court cannot determine whether the rates and hours billed by the Plaintiffs' attorneys were reasonable.  In its discretion, the Court

also declines to enter a default judgment for the costs identified by the Plaintiffs absent documentation to establish the fee for service of process was actually incurred. Therefore, the Court shall deny the Plaintiff's motion for attorney's fees and costs without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the Plaintiffs failed to provide sufficient documentation to support their request for damages, attorney's fees, and costs. However, the Plaintiffs are entitled to remittances reports for the months of July 2010 and June 2011 through the present. Accordingly, the Plaintiffs' [7] Motion for Partial Default Judgment is GRANTED IN PART and DENIED IN PART as set forth above.

An appropriate Order accompanies this Memorandum Opinion.

      */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE