# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL
INDUSTY PENSION FUND, *et al.*,

   Plaintiffs,

      v.

BERNADETTE ARTHAREE,

   Defendant.

**Civil Action No. 12-1233 (CKK)**

## MEMORANDUM OPINION
(June 10, 2014)

The Service Employees International Union Industry Pension Fund ("the Fund") and ten Trustees of the Fund (collectively, "Plaintiffs"), filed suit against Bernadette Aratharee, d/b/a Coast Janitorial Services and d/b/a Coast Industries, Inc., alleging that Defendant failed to submit remittance reports and contributions to the Fund for the months of July 2010 and June 2011 through the filing of the Complaint, and owes liquidated damages, interest, and Pension Protection Act ("PPA") surcharges for these periods and for late contributions in the months of August 2010 through May 2011. Defendant did not respond to Plaintiffs' Complaint and, accordingly, the Clerk of Court entered default against Defendant. On April 18, 2013, the Court denied Plaintiffs' Motion for Default Judgment because Plaintiffs failed to provide sufficient documentation to support their request for damages and attorneys' fees and costs, but held that Plaintiffs were entitled to remittance reports for the months of July 2010 and June 2011 through the date of the Order. The Court ordered Defendant to submit the delinquent remittance reports by no later than June 3, 2013. After Defendant failed to provide the reports, Plaintiffs filed a

Motion to Compel Production of Past-Due Reports, which the Court granted. On October 7, 2013, the Court ordered Defendant to submit all past-due remittance reports by no later than November 8, 2013. Plaintiffs allege that Defendant again failed to submit the reports. Presently before the Court is Plaintiffs' [18] Motion for Order of Contempt. Defendant did not file a response to Plaintiffs' Motion. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, Plaintiffs' Motion is GRANTED.

## I. BACKGROUND

Defendant is a party to a collective bargaining agreement ("CBA") with the Service Employees International Union, Local No. 49. Compl., ECF No. [1], ¶¶ 8-9. The CBA requires the employer to make specific contributions to the Fund based on the number of compensable hours worked by the employer's employees. Compl., Ex. 1 (CBA), art. 22, § 4. When the Fund is in "critical status" (as determined by certain actuarial standards), a "Pension Protection Act Surcharge" is added to all employer contributions. Compl., Ex. 4 (4/30/09 Notice of Critical Status), at 5. Employers are also required to submit monthly remittance reports reflecting the contributions owed to the Fund. Compl., Ex. 1 (CBA), art. 22 § 4. If an employer like Defendant fails to timely remit its monthly contributions, the employer is liable for 10% annual interest on the late contributions. Compl., Ex. 3 (SEIU Pension Fund Stmt. of Policy for Collection of Delinquent Contributions) ("Collection Policy"), §5(1). If the Fund files suit to collect late payments, the employer is further liable for liquidated damages in the amount of the greater of 20% of the late contributions for that month or $50. *Id*. §§ 2(4), 5(2); *accord* 29 U.S.C. § 1132(g)(2).

On July 26, 2012, Plaintiffs filed suit against Defendant alleging that Defendant failed to

---

[1] Plaintiffs' Motion for Order of Contempt ("Pl.s' Mot."), ECF No. [18].

submit remittance reports and contributions to the Fund for the months of July 2010 and June 2011 through the filing of the Complaint.[2] Compl. ¶ 21. Plaintiffs further allege that Defendant owes liquidated damages, interest, and PPA surcharges for late contributions for the months of August 2010 through May 2011. *Id.* ¶ 23. Defendant was served with process on August 22, 2012, but failed to file a timely response to the Complaint. *See* Proof of Service, ECF No. [4]. The Clerk of Court entered default against Defendant on September 21, 2012. *See* ECF No. [6]. Plaintiff subsequently filed a Motion for Default Judgment on November 7, 2012, requesting liquidated damages, interest, and surcharges arising out of late contributions by Defendant for the months of August 2010 through May 2011, as well as attorneys' fees and costs. *See* ECF No. [7], at 1. Plaintiffs also requested the Court enter an order requiring Defendant to submit its delinquent remittance reports for the period of July 2010 and June 2011 through the time of the filing of the Motion. *Id.* Plaintiffs requested the Court retain jurisdiction to enter judgment for contributions, surcharges, interest, and liquidated damages once the delinquent remittance reports were received. *Id.* On April 18, 2013, the Court granted in part Plaintiffs' Motion for Default Judgment and, in its Memorandum Opinion, ordered Defendant to submit all outstanding remittance reports for July 2010 and June 2011 through the date of the Memorandum Opinion and to conduct an accounting for all past-due contributions. *Serv. Employees Int'l Union Nat'l Industry Pension Fund v. Artharee*, 942 F. Supp. 2d 27, 30 (D.D.C. 2013). The Court, however, denied Plaintiffs' request for damages and attorneys' fees and costs as Plaintiffs had provided

---

[2] Plaintiffs explain in their present motion that in February 2013—after the Complaint was filed—the Fund received a remittance report from Defendant stating that she no longer employed any members of the SEIU Local 49 as of November 22, 2011. Declaration of Kenneth Anderson, Jr. ("Anderson Decl."), ¶ 11. Accordingly, Plaintiffs concede that Defendant owes contributions only through November 2011 and have now limited their request for damages accordingly.

insufficient documentation to support these damages. *Id.* Although the Court clearly indicated in its April 18, 2013, Memorandum Opinion that *Defendant* should submit all past-due remittance reports and an accounting for all past-due contributions, the Court's Order accompanying the Memorandum Opinion included a typographical error stating that *Plaintiff* should take such actions by no later than June 3, 2013. *See* ECF No. [8].

The Court mailed copies of its April 18, 2013, Memorandum Opinion and Order to Defendant. As of July 9, 2013, Defendant had yet to submit all past-due remittance reports, *see* Status Report (July 9, 2013), ECF No. [11], consequently, on July 16, 2013, Plaintiffs filed a Motion to Compel production of the past-due reports. *See* ECF No. [12]. On October 7, 2013, the Court granted Plaintiffs' Motion to Compel and ordered Defendant to submit all past-due reports to the Fund and to conduct an accounting for all past-due contributions, this time by no later than November 8, 2013. *See* Order (Oct. 7, 2013), ECF No. [15].

Plaintiffs received neither the past-due reports, nor a response of any kind from Defendant by November 8, 2013. *See* Status Report (Nov. 21, 2013), ECF No. [16]. On November 25, 2013, the Court ordered that another copy of the Court's October 7, 2013, Order to Compel be mailed to Defendant to ensure that Defendant was aware of the Order. ECF No. [17]. On December 6, 2013, Plaintiffs filed the Motion for Order of Contempt presently before the Court, requesting the Court find Defendant in contempt for failing to comply with the Court's April 18, 2013, and October 7, 2013, Orders to submit all past-due reports. ECF No. [18]. Plaintiffs also request that the Court enter judgment against Defendant for the estimated amounts due for the period of time for which Defendant failed to file remittance reports in addition to amounts owed by Defendant for late paid contributions for the period of August 2010 through May 2011.

In order to ensure that Defendant was receiving the Court's orders, the Court filed a Minute Order on December 16, 2013, requesting that Plaintiffs confirm they had the correct current address for Defendant. Upon receiving confirmation of Defendant's correct address, the Court ordered that Defendant again be mailed copies of the Court's April 18, 2013, and October 7, 2013, Orders and a copy of Plaintiffs' Motion for Order of Contempt. Order (Jan. 13, 2014), ECF No. [20]. The Court further ordered that Defendant must file a response to Plaintiffs' Motion for Order of Contempt by January 31, 2014. *Id.* As of the date of this Memorandum Opinion, Defendant has not filed with the Court any response to any of the Court's orders.

## II. LEGAL STANDARD

To succeed on a motion for a finding of civil contempt, a party moving for civil contempt must show, "by clear and convincing evidence, that: (1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) (citing *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993)). Plaintiffs must also show that the order was clear and unambiguous. *Id.* Once the above three-part showing is made, the burden shifts to the defendant to provide adequate detailed proof justifying noncompliance. *Id.* The defendant may do so by demonstrating its financial inability to pay a judgment or its good faith attempts to comply with a judgment. *Id.* The court "'need not find that [the] failure to comply with the orders was willful or intentional' because a party's intent is irrelevant when making a civil contempt determination." *United States v. Latney's Funeral Home, Inc.*, ---F. Supp. 2d---, 2014 WL 1826732, at * 3 (D.D.C. 2014) (quoting *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2012)). If the defendant fails to justify its noncompliance, the court will issue an order holding it

in civil contempt and imposing sanctions to induce compliance. *Int'l Painters*, 736 F. Supp. 2d at 40.

### III. DISCUSSION

**A. Civil Contempt**

The Court finds that by failing to provide past-due remittance reports, Defendant violated a clear and unambiguous Court order and should be found to be in civil contempt having failed to provide any justification for her noncompliance. Plaintiffs have provided clear and convincing evidence of all three prongs of the *International Painters* test. First, there is no question in this case that a "court order was in place." *Int'l Painters*, 736 F.Supp.2d at 38. The Court issued a valid Order on October 7, 2013, granting Plaintiffs' Motion to Compel production of the past-due reports.[3] *See* Order (Oct. 7, 2013), ECF No. [15].

Second, the October 7, 2013, Order expressly required specific conduct of Defendant. The October 7, 2013, Order stated: "by no later than November 8, 2013, Defendant shall submit all past-due remittance reports to the SEIU Pension Fund, including reports for the months of July 2010 and June 2011 through the present, and conduct an accounting for all past due contributions." ECF No. [15]. The Court provided explicit instructions regarding exactly which reports needed to be produced, to whom they should be produced, by when they should be produced, and by whom they should be produced in order to be in compliance with the Court's Order. Accordingly, the Court finds that the Order was clear and unambiguous as to the conduct

---

[3] Plaintiffs also move the Court to find Defendant in contempt of the Court's April 18, 2013, Order entering partial default judgment for Plaintiffs and requiring Defendant to "submit all past-due remittance reports to the SEIU Pension Fund, including reports for the months of July 2010 and June 2011 through the present, and conduct an accounting for all past-due contributions." ECF No. [8]. However, the Court does not rely on this Order in finding Plaintiff to be in civil contempt because the Order included a typographical error instructing *Plaintiff*, not Defendant, to submit the past-due reports and conduct the accounting.

required by Defendant.

Finally, Plaintiffs have provided clear and convincing evidence that Defendant failed to comply with the Order. Plaintiffs include with their Motion for Order of Contempt a sworn declaration from Richard C. Welch, Plaintiffs' lead attorney at Mooney, Green, Saindon, Murphy & Welch, P.C. ("Mooney Green"), averring that Defendant has not contacted anyone at Mooney Green regarding this litigation[4] and has not provided the reports as required by the Court's Order. Richard Welch Declaration ("Welch Decl."), Pl.s' Mot., Ex. 1, ECF No. [18-1], ¶¶ 3-6. Mr. Welch further avers that Mooney Green has not received any correspondence from Defendant regarding the past-due reports despite the fact that Plaintiffs' Counsel mailed Defendant all of Plaintiffs' motions and the Court's April 18, 2013, and October 7, 2013, Orders and received return receipts for each of these mailings, several of which were specifically signed by Defendant. *Id.* ¶¶ 4-6. Plaintiffs also submitted a sworn declaration from Kenneth J. Anderson, the Contribution Compliance Manager of the Fund, averring that, as of December 6, 2013, Defendant had not submitted remittance reports for the period of July 2010 and June 2011 through November 2011. Kenneth J. Anderson Declaration ("Anderson Decl."), Pl.s' Mot., Ex. 2, ECF No. [18-2], ¶ 12. Accordingly, the Court finds that Plaintiffs have provided clear and convincing evidence that Defendant failed to comply with the Court's Order.

Despite being repeatedly sent the Court's memorandum opinions and orders and given ample time to respond to both Plaintiffs' Motion to Compel and Motion for Order of Contempt, Defendant has not provided any response justifying her noncompliance. In civil contempt

---

[4] Mr. Welch does explain that the Fund informed him in November 2013 that they had received a copy of a remittance report from Defendant indicating that her business no longer employed union employees as of November 22, 2011. Welch Decl. ¶ 7. However, Defendant did not provide any of the past-due remittance reports. *Id.*

proceedings, a party can justify its failure to comply with a court order by establishing its inability to comply or good faith substantial compliance. *Int'l Painters*, 736 F. Supp. 2d. at 40 (citing *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997)). To prove good faith substantial compliance, the contemnor must show that it "took all reasonable steps within [its] power to comply." *Id*. Here, Defendant has provided no response to any of Plaintiffs' motions, much less a justification for her noncompliance with the Court's Order. Yet, Defendant was on notice of her obligation to submit the past-due remittance reports to the Fund as early as April 18, 2013, when the Court issued its Memorandum Opinion addressing Plaintiffs' Motion for Default Judgment and stating that "the Court shall order the Defendant to submit the reports to the fund and conduct an accounting for all past-due contributions." ECF No. [9]. Although the Order accompanying the April 18, 2013, Memorandum Opinion mistakenly stated that *Plaintiff* shall submit all past-due remittance reports to the Fund, *see* ECF No. [8], the Memorandum Opinion clearly identified Defendant as the party obligated to submit the reports and the Court's three subsequent orders all clearly stated that *Defendant* was ordered to submit the past-due reports.[5] Accordingly, as the record does not indicate that the Defendant has taken any steps, let all alone reasonable steps, to comply with the Court's Order and contains no other information justifying Defendant's noncompliance, the Court shall find Defendant in civil contempt of the Court's October 7, 2013, Order.

---

[5] *See* Order to Compel (Oct. 7, 2013), ECF No. [15] (compelling production of past-due reports by *Defendant*); Order (Nov. 25, 2013), ECF No. [17] (explaining that *Defendant* had been compelled to submit all past-due reports to the Fund by November 8, 2013, and instructing the Clerk of Court to send October 7, 2013, Order to Defendant); Order (Jan. 13, 2014), ECF No. [20] (explaining that *Defendant* had been compelled to submit all past-due reports to the Fund by November 8, 2013, and instructing the Clerk of Court to mail to Defendant the Court's prior orders).

**B. Damages**

Although Defendant has not provided Plaintiffs any of the remittance reports and does not appear to intend to provide the reports, Plaintiffs are entitled to the unpaid contributions and damages under the CBA. Accordingly, Plaintiffs move the Court to enter judgment against Defendant for the estimated amounts due from the period of time when Defendant failed to file reports as well for the amounts owed for late paid contributions. *See* Pl.'s Mot. at 6.

The Court finds that Plaintiffs have provided sufficient documentation to support their request. Plaintiffs provide a declaration by Kenneth J. Anderson, the Contribution Compliance Manager of the Fund, averring that the Fund has estimated that Defendant owes $317.40 in unpaid contributions for the period of July 2010 and June 2011 through November 2011—the period for which Defendant failed to provide remittance reports. Anderson Decl. ¶ 23. To calculate this estimate, the Fund estimated the number of compensable hours for the missing months by averaging the reported hours for the three months preceding the outstanding report. *Id*. ¶ 5. That average was then multiplied by the contribution rate to determine the amount of principal contributions due from the employer. *Id*. The Court approves this calculation as a reasonable estimate of the unpaid contributions. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Advanced Pro Painting Servs*., 697 F. Supp. 2d 112, 116-17 (D.D.C. 2010) (accepting plaintiffs' estimate of damages based on an average of unpaid contributions reported in previous two months); *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) ("In light of the defendant's failure to provide periodic reports or allow the plaintiffs access to the defendant's books and records, the court accepts the plaintiffs' estimation of delinquent contributions both reasonable and as accurate as possible under the circumstances."); *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 31-32 (granting request for damages based in part

on estimates of money owed based on prior remittance reports). Accordingly, the Court finds that Plaintiffs should be granted default judgment in the amount of $317.40 in unpaid contributions for this period. *See* Anderson Decl., Ex. B.

The Fund has also adequately demonstrated that Defendant owes interest, liquidated damages, and PPA surcharges for this period pursuant to the Fund's Trust Agreement, Collection Policy, and Notice of Critical Status. Anderson Decl. ¶ 6. Based on the total amount of unpaid contributions indicated above and the interest rate of 10% per year as provided in the Collection Policy, Defendant owes $72.75 in interest for this period. *See* Compl., Ex. 3 (Collection Policy), at 8-9; Anderson Decl., Ex. B. Plaintiffs have also adequately demonstrated that they are entitled to liquidated damages in the amount of $350, or $50 per month as provided in the Collection Policy. *See* Compl. Ex. 3 (Collection Policy), at 8-9; Anderson Decl., Ex. B. Finally, Plaintiffs have adequately demonstrated that they are entitled to PPA surcharges for July 2010 at a rate of 10%, as provided by the Pension Protection Act, 29 U.S.C. §1085, and the Notice of Critical Status, which equals $31.74. *See* Compl. Ex. 4 (Notice of Critical Status), at 5; Anderson Decl., Ex. B.. Accordingly, the Court shall enter judgment against Defendant in the amount of $454.49 in interest, liquidated damages, and PPA surcharges for this period.

In addition, Plaintiffs have adequately demonstrated that Defendant owes liquidated damages, interest, and PPA surcharges on the underpaid amounts for the period of August 2010 through May 2011, in the amount of $360.94. Although Defendant submitted reports and contributions for the period of August 2010 through May 2011, Defendant's payments during these months were late and Defendant underpaid certain liquidated damages, interest, and PPA surcharges for these months. Anderson Decl. ¶ 20. The Fund calculated that, pursuant to the Collection Policy and the Notice of Critical Status, Defendant owes $338.34 in liquidated

damages, $12.28 in interest, and $10.32 in PPA surcharges for this period. *Id.* at ¶¶ 20-22; Anderson Decl., Ex. B.; *see also* Compl. Ex. 3 (Collection Policy), at 8-9; Compl. Ex. 4 (Notice of Critical Status), at 5. Accordingly, the Court shall enter judgment against Defendant in the amount of $360.94 in interest, liquidated damages, and PPA surcharges for this period.

In sum, the Court finds that Plaintiffs have provided sufficient documentation to support their request for a judgment against Defendant and enters judgment against Defendant in the total amount of $1,132.81.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' [18] Motion for Order of Contempt. The Court finds Defendant to be in civil contempt of the Court's October 7, 2013, Order for failing to submit remittance reports to the Fund for the months of July 2010 and June 2011 through November 2011.

In addition, the Court finds that Plaintiffs provided sufficient documentation to support their requests for damages for the periods of July 2010, August 2010 through May 2011, and June 2011 through November 2011 and enters judgment against Defendant in the amount of $1,132.81.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE